**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jerry Joseph HIGDON, Jr.,**
**Defendant–Appellant.**

No. 03–14365
**Non–Argument Calendar.**
D.C. Docket No. 03–00043–CR–N–1.

United States Court of Appeals,
Eleventh Circuit.

Dec. 13, 2005.

Michael John Petersen, Law Office of Michael Petersen, Montgomery, AL, for Defendant–Appellant.

---

1. Ayoub does not appeal his aiding and assisting conviction.

Louis V. Franklin, Sr., Stephen P. Feaga, Montgomery, AL, for Plaintiff–Appellee.

Before ANDERSON, CARNES and HULL, Circuit Judges.

## ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

PER CURIAM:

We previously affirmed the conviction and sentence in this case. *See United States v. Higdon*, 122 Fed.Appx. 985 (11th Cir.2004). Later, we denied rehearing en banc. *See United States v. Higdon*, 418 F.3d 1136 (11th Cir.2005). The Supreme Court has vacated our prior judgment and remanded the case to us for further consideration in light of *Booker v. United States*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Having reconsidered our decision pursuant to the Supreme Court's instructions, we reinstate our judgment affirming conviction and sentence.

In our opinion accompanying our denial of rehearing en banc, we noted:

At no time in the district court or in his initial brief on appeal did Higdon challenge the constitutionality of any extra-verdict sentencing enhancement or assert that the district court lacked the authority to impose the enhancements under a preponderance-of-the-evidence standard. Instead, approximately three months after briefing was completed in the case, Higdon filed a motion to file a supplemental brief raising a *Blakely* issue.

418 F.3d at 1137. Following the well-established rule in this circuit, *see United States v. Levy*, 379 F.3d 1241, 1242 (11th Cir.2004), *reh'g en banc denied*, 391 F.3d 1327 (11th Cir.2004), issues that are not timely raised in the briefs are deemed abandoned. In *United States v. Ardley*, 242 F.3d 989, 990 (11th Cir.2001), we applied this rule to a case remanded from the Supreme Court in light of *Apprendi*. Recently, we applied *Ardley* to a post-*Booker* remand and found that the defendant had abandoned his *Booker* claim because he failed to raise it at the district court or in his initial brief. *United States v. Dockery*, 401 F.3d 1261 (11th Cir.2005).

Our opinion affirming the conviction and sentence in this case is accordingly **REINSTATED.**[1]

---

1. The motion to withdraw as appointed counsel for appellant, filed by attorney Michael J. Peterson, is granted. Attorney Maryanne Melko Prince is hereby appointed to represent appellant.